PüRNBY, J.,
delivered tbe opinion of tbe Court.
We are constrained to affirm tbe decree of tbe Chancellor.
John W. Barker, a minor, married Martba A. Tanner, wbo bad inherited from her father a tract of land of about one hundred and seventeen acres. After their marriage, and during tbe minority of tbe husband, but after tbe wife bad attained tbe age of twenty-one years, and on 5th February, 1863, tbe husband and wife conveyed this tract of land to defendant Wilson in consideration of another tract conveyed by Wilson to John W. Barker; Barker executing to Wilson his note for fifteen hundred dollars, tbe estimated difference in tbe value of tbe two tracts.
John W. Barker arrived at age on September 8th, 1865, and on 24th October ensuing, with bis wife, filed this bill to avoid the exchange and conveyances, and asking to have cancelled' and delivered to Barker bis note for fifteen hundred dollars, upon tbe alleged ground of infancy of both, husband and wife at tbe making of them. Tbe record shows tbe wife to have been of full age, but John was of more tender years. Tbe contract of tbe infant husband was not void, but voidable at bis election within a reasonable time after majority.
Tbe rule seems to be universal that all deeds or instruments executed by an infant are voidable, only with tbe single exception of those that delegate a naked authority, which are void: 11 Hum., 472. *270 Tbe meaning is voidable at tbe election of tbe infant in a reasonable time after arriving at full age.
Governed by tbis rule, as we must be, no discretion is left in tbe courts, to inquire into tbe circumstances of tbe contract of tbe sale and conveyance of tbe land, but upon tbe disaffirmance by tbe minor tbe courts must, under tbe law, adopt bis election, and avoid bis conveyance made during bis infancy.
Tbe next question is, wbat effect does sucb act of avoidance have upon tbe deed of tbe wife?
"When tbe wife joins tbe busband in a conveyance of bis land, it is a mere permission to sell ber estate, and sbe is not bound by any covenant in tbe deed: Tyler on Infancy and Coverture, 778.
If it is merely a permission to bim to sell, and it turns out that tbe exercise of that permission is a nullity, tbe permission itself being confined to tbe particular time and vendee, cannot control or embarrass tbe rights of tbe wife, which return to their original condition, before tbe supposed sale.
In tbe absence of a power other than that, conferred by statute, the sale and conveyance by tbe wife of ber real estate, are but 'the predicates of those by ber busband, and must stand or fall with them.
Our statute not only does not contemplate, but makes no provision for, any other conveyance of tbe wife’s real estate, except that by tbe busband and wife jointly.
By tbe general rule of tbe common law, and ordinarily under tbe statutes of Tennessee, a married woman has. no power to bind herself by contract, *271 or to acquire to herself rights or benefits by contract, and may avail herself of her coverture, to defeat ber contracts, though she have been guilty of fraud.
During their joint lives, and it may be, for his own life, after the expiration of the wife’s, the husband has such an interest in the real estate of the wife, as that the wife cannot, without the consent and concurrence of the husband, part with her title.
Trying this case by these principles, the conclusion is ready, that the husband having undertaken to do that, to which he did not bind himself, and to defeat which he avails himself of his infancy, thereby destroying Ms consent to his own act, his exercise of the grant of his wife’s permission to sell, wholly disengaging himself of the transaction, leaves the conveyance as if made by the wife alone. Now, having already seen this cannot be, it results, neither is bound by the deed of sale and conveyance, but the entire trade must be rescinded.
The Chancellor so decreed, ordering the note of Barker to be cancelled and delivered up. We affirm the decree, taxing Barker and his securities with the costs of this Court and the Court below.